UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**
MAY 1 6 2012
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

| | |
|---|---|
| Leona Cosby, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. **12 0786** |
| v. ) | |
| ) | |
| Leroy Johnson *et al.*, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION

This matter is before the Court on plaintiff's *pro se* complaint and application to proceed *in forma pauperis*. The Court will grant plaintiff's application and dismiss the complaint for lack of subject matter jurisdiction.

The subject matter jurisdiction of the federal district courts is limited and is set forth generally at 28 U.S.C. §§ 1331 and 1332. Under those statutes, federal jurisdiction is available only when a "federal question" is presented or the parties are of diverse citizenship and the amount in controversy exceeds $75,000. A party seeking relief in the district court must at least plead facts that bring the suit within the court's jurisdiction. *See* Fed. R. Civ. P. 8(a). Failure to plead such facts warrants dismissal of the action. *See* Fed. R. Civ. P. 12(h)(3).

Plaintiff, a District of Columbia resident of what the Court judicially notices to be a homeless shelter, sues two individuals listed as residing at the same location for alleged sexual harassment, battery, theft and other misconduct. The instant complaint neither presents a federal question nor provides a basis for diversity jurisdiction because the parties are not of diverse citizenship and plaintiff does not seek monetary relief. Plaintiff's recourse lies, if at all, in the

Superior Court of the District of Columbia. A separate Order of dismissal accompanies this Memorandum Opinion.

/s/ Colleen Kollar-Kotelly
United States District Judge

Date: April 21st, 2012

2